## General Foods Corp. v. Bittinger Co.

*William W. Anderson*, for plaintiff.

*C. A. Lingg*, for defendant.

SHADLE, J., March 25, 1963.—Plaintiff ordered from defendant a quantity of frozen cut corn, the same to be "U.S.D.A. Grade A." Defendant delivered the corn on September 20 and 29, 1960. Plaintiff paid defendant for it on October 10 and 14, 1960. On or about April 1, 1961, plaintiff states that it discovered that a portion of the corn was not Grade A but was Grade B. On or about August 11, 1961, plaintiff notified defendant that the corn did not conform to the order and that it was revoking its acceptance thereof.

Plaintiff sues to recover the purchase price and incidental damages. Defendant has filed preliminary objections to the complaint in the nature of a demurrer, alleging that plaintiff is not entitled to recover as a matter of law because of its delay in discovering the defect and in notifying defendant thereof.

The applicable law is found in the Uniform Commercial Code of April 6, 1953, P. L. 3, as amended, 12A PS §1-101, et seq, which covers the area previously supplied by the Uniform Sales Act. Under the circumstances here involved, the buyer may take two steps. He may revoke his acceptance of the goods, and he may sue the seller for breach of warranty. There is no doubt that the buyer here did accept the goods, since it did in fact receive and pay for them, and "Acceptance of goods occurs when the buyer . . . fails to make an effective rejection": Uniform Commercial Code, supra, sec. 2-606, as amended, 12A PS §2-606.

The question here is whether plaintiff exercised its remedies in sufficient time. Section 2-608 of the Uniform Commercial Code, supra, as amended, 12A PS §2-608, provides that "Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and

before any substantial change in condition of the goods . . ." Likewise, section 2-607, as amended, 12A PS 2-607, requires that, "Where a tender has been accepted . . . the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . ."

Plaintiff did not discover the alleged breach until more than six months after delivery, and did not notify defendant until more than four months later. Were such discovery and such notice within a reasonable time? As we might expect, "What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action": Uniform Commercial Code, supra, sec. 1-204, as amended, 12A PS §1-204. The official Comments to section 2-607 of the Code point out that "The time of notification is to be determined by applying commercial standards to a merchant buyer," because the rule "is designed to defeat commercial bad faith."

We have no way of knowing the commercial standards as to the time within which a food processor which buys frozen corn should be expected to inspect it and to notify its supplier of defects. This makes it difficult on demurrer to apply the rule that what is a reasonable time for discovering and giving notice of breach of warranty is a question of law for the court where the facts are undisputed and only one inference can be drawn therefrom. See National Container Corporation of Pennsylvania v. Regal Corrugated Box Co., 383 Pa. 499 (1956) ; Necho Coal Company v. Denise Coal Company, 387 Pa. 567 (1957).

We conclude that where, as here, the pleadings disclose on their face what appears *prima facie* to be an inordinate and unreasonable delay by a buyer in discovering a breach of warranty in delivered goods, and a still further unexplained delay in notifying the seller

thereof, the claim by the buyer is subject to demurrer unless he simultaneously therewith explains and justifies such delay. If he does so, the question then will arise at trial as to whether the evidence is sufficient to show discovery and notice within a reasonable time. This question will be resolved by the court or the jury, depending on the facts and inferences involved.

Plaintiff here having by its complaint disclosed what appears to us to be an unreasonable delay in discovery and notification, it must also by its complaint explain and justify such delay. Failure to do so renders the complaint subject to demurrer. Plaintiff will be given an opportunity to show compliance with the Uniform Commercial Code by amendment if it can.

### Order

And now, to wit, March 25, 1963, defendant's preliminary objections to plaintiff's complaint are sustained. Plaintiff is granted leave to file an amended complaint within 30 days from this date. An exception is noted for plaintiff.