## Schneider v. Person

*Alan M. Black*, for plaintiff.

*Edward D. McCardle*, for defendant.

WIEAND, J., February 18, 1964.—This matter is before us on preliminary objections to an amended complaint, which asserts damages arising from an alleged breach of warranty relating to the soundness of a horse sold to plaintiff by defendant. The amended complaint was filed voluntarily by plaintiff within 10 days after preliminary objections, many and varied in nature, were filed to his original complaint. The instant objections are two in number and are in the nature of a demurrer and a motion to strike.

The amended complaint alleges that on November 9, 1962, defendant sold to plaintiff for $2,788 a horse bearing the lyrical name "Melody Empire," war-

ranted, it is said, to be sound, fit and without injuries and blemishes. Possession of the horse was delivered to plaintiff on the day of sale. On or about May 20, 1963, plaintiff ascertained that the horse suffered from splints of the legs and that it had been so afflicted on the date of sale. One week later, on May 27, 1963, notice of the defect was given to defendant and a demand made for a refund of the purchase price. Upon defendant's refusal to make the demanded refund, plaintiff caused the horse to be sold at public sale for $600. He claims in this action the difference between what he paid for the horse and the amount received upon its sale, together with costs incidental to such sale.

Defendant's demurrer asserts the delay between the sale and the discovery of the defect and asks the court to find that because it was in excess of six and one-half months, such delay was unreasonable as a matter of law. If she is correct in her contention, then the absence of a satisfactory explanation for the delay will make the complaint demurrable, because the provisions of sections 2-607(3) (a) and 2-608(2) of the Uniform Commercial Code of April 6, 1953, P. L. 3, as amended, 12A PS §§2-607(3) (a) and 2-608(2), bar a buyer from any remedy unless he has notified the seller within a reasonable time after he has discovered, or should have discovered, the existence of a breach.

In General Foods Corp. v. Bittinger Co., 31 D. & C. 2d 282, the complaint sought recovery of the purchase price of a quantity of corn which failed to conform to the order. It there appeared from the pleadings that plaintiff had failed to discover the alleged breach for more than six months after delivery, and had neglected to notify defendant thereof until more than four additional months had expired after discovery. The court concluded that the complaint was subject to

demurrer, because it failed to explain and justify what appeared prima facie to be an unreasonable delay by a merchant buyer in discovering a breach of warranty and in notifying the seller.

In Necho Coal Company v. Denise Coal Company, 387 Pa. 567, a case involving a cause of action arising prior to passage of the code, the elapse of nine months between delivery of spare parts and notice to the seller that they were "used, obsolete, inadequate and otherwise wholly unsuited," a condition which could have been determined by casual inspection, was held as a matter of law to be unreasonable under the provisions of section 49 of the Sales Act of May 19, 1915, P. L. 543, 69 PS §259.

It is of importance to note that in the Necho Coal Co. case the defect was one that could have been discovered by casual inspection, and in the General Foods Corp. case the delay was chargeable to a merchant buyer. In the instant matter, it does not appear that plaintiff was a merchant buyer or that the breach complained of was discoverable by casual inspection.

Section 1-204(2) of the Uniform Commercial Code of 1959, 12A PS §1-204(2) provides: "What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action." See also Pritchard v. Liggett & Myers Cigarette Co., 295 F. 2d 292. Of additional significance for our purposes is the official comment to section 2-607 of the code which points out:

"The time of notification is to be determined by applying commercial standards to a merchant buyer. 'A reasonable time' for notification from a retail consumer is to be judged by different standards so that in his case it will be extended, for the rule of requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy."

What is a reasonable time is a question of fact for the jury. It will vary under different conditions, so much so that no fixed rule can be laid down. It is only where the facts are undisputed and but one inference can be drawn therefrom as to reasonableness that the question becomes one for the court: Necho Coal Co. v. Denise Coal Co., supra, 570; Tinius Olsen Testing Machine Co. v. Wolf Co., 297 Pa. 153, 157.

Thus, in the instant case, with nothing before us but the allegations of the complaint, we cannot say as a matter of law that plaintiff was guilty of unreasonable delay in discovering and notifying the seller that "Melody Empire" was suffering from splints of the legs. If defendant wishes to raise in defense the alleged unreasonableness of the delay, she can do so by an appropriate answer on the merits. This issue can then be resolved at the time of trial, together with any other issues of fact properly raised by the pleadings.

Defendant's second preliminary objection is in the nature of a motion to strike, by which she complains that plaintiff has improperly and in violation of Pennsylvania Rule of Civil Procedure 1020(a) joined in one count two separate causes of action based respectively on breach of warranty and revocation of acceptance. This objection is without merit. Under the code, the buyer is no longer required to elect between revocation of acceptance and recovery of damages for breach. Both are now available to him, and the two remedies are nonalternative in character. See the official comment to section 2-608 of the code.

There is another reason why defendant's motion to strike cannot be sustained. Pa. R. C. P. 1028(b) requires that all preliminary objections shall be raised at one time, and, with several exceptions not here relevant, a failure to raise objections to a complaint preliminarily constitutes a waiver thereof. See Goodrich-Amram, §1028(b)-1. By failing to include this objec-

tion with the many others filed against the original complaint, defendant waived her right to complain now of plaintiff's use of one count in his amended complaint.

*Order*

And now, February 18, 1964, the preliminary objections to the amended complaint are dismissed and defendant is directed to file an answer within 20 days from the date of this order.