## Stimely, Appellant, *v.* Dutchmen Mobile Homes.

Argued March 19, 1976. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Eugene F. Zenobi,* with him *Alan Linder,* for appellant.

*David Wagenseller, III,* with him *Ronald Buckwalter,* and *Shirk, Reist and Buckwalter,* for appellee.

OPINION BY JACOBS, J., June 28, 1976:

Appellant, Thelma E. Stimely, commenced the present action in assumpsit against Dutchmen Mobile Homes for the return of a down payment she had made on the purchase of a mobile home. Although appellant received a jury verdict in the amount of $3,000.00, the court below granted a new trial because it failed to charge the jury on a requested instruction by Dutchmen Mobile Homes. The requested instruction was: "If you find that the mobile home did not conform to the contract, but that the plaintiff did not give notice of the rejection of the mobile home within a reasonable time, then you must find for the defendant." Opinion of lower court at 3. We reverse the order granting a new trial because the trial judge properly denied the instruction, notice of rejection not being an issue that was developed before or at trial.

Appellant's action in assumpsit was based on two theories. In count one of her complaint appellant alleged that she did not accept delivery of the mobile home she had earlier ordered but rejected it because of various defects. In an earlier paragraph appellant stated that the mobile home was delivered on October 17, 1970 and in paragraphs six and seven of count one of the complaint referring to notice of her rejection she averred:

"6. The plaintiff did, through her attorney and by letter dated 6 November, 1970 and supplemented by letter dated 9 November, 1970, copies of which are attached hereto as Exhibit 4 and are incorporated herein by reference, notifying the defendant that she, the plaintiff, was rejecting the said mobile home, pursuant to the provisions of the Uniform Commercial Code, for the reasons of substantial and material non-conformities stated in part in her letters, which indicated that the plaintiff believed that the said mobile home did not conform to the said purchase agreement.

"7. The plaintiff, at the aforesaid date of delivery of the mobile home, could not discover the said substantial and material non-conforming defects in the said home due to the method and timing of delivery controlled by defendant and the fact that such defects only became apparent to the plaintiff by use of the said home, and, when plaintiff did discover them she did act immediatly [sic] to notify the defendant of their existence through the aforementioned letters."

Defendant's answer to these alleged facts was as follows:

"6. It is admitted that Plaintiff, through her attorney, did send letters dated November 6, 1970 and November 9, 1970 to Defendant and that such letters are attached to Plaintiff's Complaint as Exhibit 4. It is denied that the rejection was made pursuant to the Uniform Commercial Code; it is denied that there were any substantial and material nonconformities in the mobile home delivered by Defendant to Plaintiff and it is denied that mobile home did not conform to the said purchase agreement.

"7. It is denied that there were any substantial and material nonconforming defects in the mobile home and it is the position of the Defendant that

Plaintiff never discovered any such defects. Defendant admits that Plaintiff did notify the Defendant by letter of what Plaintiff considered to be defects."

In count two of appellant's complaint it was alleged that assuming appellant accepted delivery of the mobile home, she thereafter properly *revoked* her acceptance of it. Paragraph 12 of the second count in the complaint again avers certain facts regarding appellant's notice of this to the defendant:

"12. Plaintiff accepted the said mobile home which was delivered to her on 17 October 1970. Soon after said delivery the plaintiff discovered that the said mobile home did not conform to the contract of sale in that there existed defects in the said mobile home which defects are listed in part in the plaintiff's letters to the defendant, which letters are attached hereto as Exhibit 4 and are incorporated herein by reference. Plaintiff could not have known of such defects at the time of delivery of the said mobile home because such defects only became apparent to the plaintiff by use of the said home, and, when plaintiff did discover the said defects she did act immediately to notify the defendant of their existence through the aforementioned letters to the defendant (Exhibit 4) which letters are dated 6 November 1970 and 9 November 1970."

Defendant's answer to these facts was as follows:

"12. Denied that the Plaintiff accepted a mobile home on October 17, 1970 since it was delivered on October 21, 1970."

At trial appellant testified that she contacted a Mr. Gotwalt, president of defendant, Dutchmen Mobile Homes, by telephone about the defects on the day of delivery. According to appellant, in the next few days she telephoned Mr. Gotwalt approximately ten times to inform him of the problems with the mobile home. Notes of Trial Testimony at 50-52. The letters that notified defendant of the defects were also introduced into evidence during plaintiff's case. Mr. Gotwalt testified

that he was informed of appellant's complaints within a week or two of delivery. Notes of Trial Testimony at 293. There was no testimony by defendant that the notice was untimely or indefinite. Nor was any evidence introduced to show that defendant was in any way prejudiced by the manner in which notice was given by appellant.

In its charge to the jury, the court below stated: "Revocation of acceptance must occur within a reasonable time after the buyer discovers the ground for it. There is no question here that Mrs. Stimely acted within a reasonable time. *That question hasn't even arose* [sic]." Notes of Trial Testimony at 346 (emphasis added). Although the lower court refused defendant's instruction regarding the requirement of reasonable notice, defendant never objected to the above charge of the court nor were any corrections suggested.

The issue we must now consider is whether the trial court improperly granted a new trial because it had failed to charge to the jury that a buyer to win his case must give notice of rejection or revocation of acceptance within a reasonable time to the seller. "Our task on review 'is to view all of the evidence and to determine whether the trial court abused its discretion or committed an error of law in granting ... the motion for a new trial.' Handfinger v. Phila. Gas Works, 439 Pa. 130, 136, 266 A.2d 769, 772 (1970)." *Hayter v. Sileo*, 230 Pa. Superior Ct. 329, 330 n.1, 326 A.2d 462 n.1 (1974).

Because the present case involves the sale of goods, article 2 on Sales of the Uniform Commercial Code is applicable. Act of April 6, 1953, P.L. 3, §2-102, 12 A P.S. §2-102. The Uniform Commercial Code in §2-602 states, *inter alia:* "Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller." If, however, a tender of the goods has been accepted, §2-607(3) (a) requires that "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Therefore, where goods are

rejected before acceptance or where goods are accepted and then the acceptance is revoked, the buyer must thereafter notify the seller within a reasonable time of his complaints regarding the goods.

In the present case, in paragraph 6 of count one of her complaint alleging rejection of the mobile home, appellant averred as facts that she notified the seller by letters dated November 6, 1970 and November 9, 1970 of the various substantial defects in the mobile home, and in paragraph 7 she alleged that as soon as she discovered the defects which could not have been discovered at any earlier time she acted immediately to notify the seller of their existence. Although defendant-seller denied in paragraph 6 of the answer that "the rejection was made pursuant to the Uniform Commercial Code," there was no denial of the timeliness of the discovery of the defects and notice thereof alleged in paragraph 7. Similarly, in paragraph 12 of count two of her complaint alleging revocation of acceptance, appellant averred as facts that when she discovered the defects in the mobile home which could not have been discovered at any earlier time she acted "immediately to notify the defendant of their existence ..." Again, in paragraph 12 of his answer defendant failed to deny the timeliness of the discovery and notification of the defects.

Rule 1019(a) of the Pennsylvania Rules of Civil Procedure directs that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Furthermore, "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity." Pa.R.C.P. 1019(c). After certain facts have been pleaded by a party, the other party in "[a] responsive pleading shall admit or deny the averments of fact in the preceding pleading .... Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the aver-

ment admitted or denied is set forth." Pa.R.C.P. 1029(a). However, *"[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication.* A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission." Pa.R.C.P. 1029(b) (emphasis added).

Appellant now argues that defendant-seller failed to deny her specific averments of reasonable discovery of the defects and immediate notification of them to the seller, and therefore defendant was not entitled to an instruction on an issue that was never raised by the pleadings. We agree with appellant. Appellant alleged in each count of her complaint that she could not have discovered the defects any earlier than she did and that after discovery she immediately notified the defendant of them. *See* Paragraphs 7 and 12 of the Complaint. These averments of fact were never specifically denied by the defendant. *See* Paragraphs 7 and 12 of the Answer. Defendant-seller argues that it raised the issue of prompt notice in paragraph 6 of the answer where it denied that "the rejection was made pursuant to the Uniform Commercial Code." However, paragraph 6 of plaintiff's complaint never alleged that the notice of rejection was within a reasonable time after delivery. Defendant's argument also does not explain why it failed to deny appellant's averments of timely notice in paragraphs 7 and 12 of the complaint. Furthermore, defendant's denial that appellant's rejection conformed with the Uniform Commercial Code is far from the specific denial of a fact required by Pa.R.C.P. 1029(b). The Uniform Commercial Code has several sections (§§2-601, 2-602, 2-603, 2-604, 2-605) dealing with rejection of tendered goods. Only one of these sections, §2-602(1), deals with notice within a reasonable time to the seller of the rejection. Defendant's broad denial that appellant's rejection was pursuant to the Uniform Commercial Code cannot be said to have made appellant or the lower court aware that it specifically denied that she had given timely notice of the

634

rejection. Nor did the defendant raise its challenge to the notice by any other pleadings such as by preliminary objections, *General Foods Corp. v. Bittinger Co.*, 31 Pa. D. & C. 2d 282 (C.P. York 1963), or in the new matter of its answer, *Schneider v. Person*, 34 Pa. D. & C. 2d 10 (C.P. Lehigh 1964).

As mentioned earlier, defendant-seller never introduced any evidence at trial to indicate that it disputed appellant's discovery of the defects within a reasonable time after delivery of the mobile home or appellant's seasonable notice of such defects. Instead, the notes of testimony reveal that the thrust of defendant's defense was that the complained of defects in the mobile home were not substantial but were minor and capable of correction. "The purpose [of notice] is to advise the seller that he must meet a claim for damages, as to which he shall have early warning." *Tinius Olsen Testing Mach. Co. v. Wolf Co.*, 297 Pa. 153, 158, 146 A. 541, 543 (1929). Yet, no evidence was introduced by defendant that it did not have sufficient time to remedy the defects because of untimely notice. The only evidence presented by defendant indicated that it attempted to correct the defects for appellant, but she still refused to accept the mobile home. There is simply no evidence that appellant's manner of notice to defendant-seller resulted in any prejudice.

In conclusion, defendant is guilty of the same evil of which he complained after trial - lack of timely notice. Had defendant by its pleadings made notice an issue for trial, we are satisfied under the circumstances of this case that the issue would have been one of fact for the jury, *see Pritchard v. Liggett & Myers Tobacco Co.*, 295 F.2d 292 (3d Cir. 1961); *Necho Coal Co. v. Denise Coal Co.*, 387 Pa. 567, 128 A.2d 771 (1957); *see, generally* annot. 41 A.L.R.2d 812 (1955); and the lower court would have been in error to refuse to instruct the jury on that point. However, where as here, timely notice was not an issue developed by the pleadings or disputed at trial, the court below erred as a matter of law in granting a new trial because of its failure to so charge.

Order reversed.