## Stein v. Hallmark Homes, Inc.

*Alexander Ogle*, for plaintiff.
*William R. Carroll*, for defendants Puffinburg.

SHAULIS, *J.*, November 21, 1983—This court now has before it plaintiff's complaint requesting a revocation of acceptance of a house trailer pursuant to 13 Pa.C.S. §2608.

## FACTS

On August 11, 1981, plaintiff entered into an agreement with defendant whereby plaintiff purchased a 1982 Model 126 Hallmark two bedroom mobile home. Plaintiff immediately took possession of the trailer. In early September 1981, plaintiff began to notice several defects in her trailer, including what plaintiff believes to be a leak in the roof and sides of the structure, improper and loose molding installed on the outside, a fogged window pane and a miscolored replacement panel in the interior. Defendant believes the cause of the dampness to be from lack of ventilation. Plaintiff contacted defendant, who did on several occasions attempt, unsuccessfully, to repair the trailer. The parties eventually disagreed as to the exact cause of several problems, specifically the leakage or condensation, and plaintiff initiated this suit on the assumption that defendant could effect no further repair.

This action was originally brought against this defendant, who sold the trailer, and Hallmark Homes, Inc., the manufacturer. However, Hallmark has been operating as a Debtor in Possession under Chapter XI of the United States Bankruptcy Code since October 29, 1981. It, therefore, received an automatic stay of all actions against it and thus is excused from this suit at this time. There is no evidence that Daniel D. Puffinburg or Juanita C. Puffinburg have any interest in Puff's Mobile Home Sales, and accordingly, are dismissed as party defendants.

## DISCUSSION

Both parties agreed that the house trailer, the subject of this dispute, is in need of repair. The problem is ascertaining the correct legal remedy. Plaintiff is before this court arguing that she has revoked her acceptance of the house trailer, in accordance with 13 Pa.C.S. §2608, Pennsylvania's version of the Uniform Commercial Code. Defendants argue that plaintiff fails to properly conform with the precepts of this section. A review of the record and the law pertaining to the revocation of acceptance indicates that the plaintiff has not fully complied with §2608 and thus the revocation of acceptance, at this time is not the proper remedy.

Plaintiff is evoking §2608, Revocation of acceptance in whole or in part, to require defendant to take back the trailer and tender to her the full purchase price.

"§2608. Revocation of acceptance in whole or in part.

(a) Grounds for revocation.—The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it:

(1) on the reasonable assumption that its noncomformity would be cured and it has not been seasonably cured; or

(2) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the assurances of the seller.

(b) Time and notice of revocation.—Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by

their own defects. It is not effective until the buyer notifies the seller of it.

(c) Rights and duties of revoking buyer.—A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them."

November 1, 1979, P.L. 255, §1, effective January 1, 1980. A house trailer has been considered "goods", within the U.C.C. definition since Duffee v. Judson, 251 Pa. Super. 406, 380 A.2d 843 (1977). A revocation of acceptance generally occurs when a purchaser becomes aware of a latent defect in goods and the seller fails to repair or "cure" the mistake in a reasonable amount of time. The purchaser must notify the seller of the revocation and tend to the purchased item in a manner consistent with the seller's ownership.

There have been a number of cases decided in this Commonwealth dealing directly with the revocation of acceptance of a house trailer. These cases have dealt with a myriad of reasons for granting or denying the revocation, in accordance with the various tenets of §2608. In Cardwell v. International Housing, Inc., 282 Pa. Super. 498, 423 A.2d 355 (1980), plaintiff purchased a certain model mobile home from defendant dealer. At no time did he receive the correct model, nor was the substitute structurally sound. Plaintiff was granted a revocation of acceptance when defendant, despite ample opportunity, failed to tender the correct model trailer or to adequately repair the substitute one. Stimely v. Dutchman Mobile Homes, 240 Pa. Super. 626, 361 A.2d 733 (1976), dealt with the proper notice of revocation from the purchaser to the seller. In Gilson v. Twin Trailer Sales, 53 D.&C.2d 311 (1971), revocation was allowed when the purchaser was not given the proper title to the trailer.

In Yates v. Clifford Motors, 283 Pa. Super. 293, 423 A.2d 1262 (1980), the Superior Court went to great lengths to explain how plaintiff purchaser could rightly reject his non-conforming purchase. This is a situation somewhat similar to the case at bar, save for the fact that it dealt with a pick-up truck and not a mobile home. Plaintiff purchased a new truck and immediately informed defendant that his acceptance was subject to several repairs to the truck's engine and body. Despite defendant's assurance that the truck would be fixed, there was no seasonable cure to the truck. Plaintiff formally notified defendant of his rejection and continued to hold the truck, using it sparingly. The court held that this was a rightful rejection (they used the §2608 test, but claimed that he did not initially accept the truck) and that his continued holding of the truck was not inconsistent with his security interest in it. They did, however, find him liable for rental fees for his use of the truck after notice of rejection.

In reviewing Yates et al., it appears that granting the plaintiff a revocation of acceptance would prove to be premature at this time. The defendant must be given an opportunity to cure the nonconformity, which we do not feel has occurred in this case. In Pratt v. Winnebago, 463 F.Supp. 709 (1979), plaintiff purchasers of a mobile home were not allowed to revoke their acceptance when the court found that their refusal to return the vehicle to the dealer for repairs was not seasonable in view of the manufacturer's willingness to make the needed repairs. The district court took note of Pennsylvania law which allows a buyer to revoke his acceptance of a commercial unit whose non-conformity substantially impairs its value to him if he has accepted it on a reasonable assumption that any non-conformity would be cured and it has not been seasonably

cured. However, a duty does exist in the plaintiffs to allow defendant this opportunity to cure. Failure to meet this duty will cause a court to deny a revocation of acceptance.

A review of the testimony indicates that both parties desire what is, in essence, the same result. Plaintiff merely wants a complete trailer; defendant wishes the opportunity to repair. Defendant has attempted to fix the trailer several times, but their disagreements and mutual dissatisfaction has stymied defendant's attempts to repair.

The transcript reveals that plaintiff refused to allow defendant to inspect the ceiling of the trailer by cutting a hole in either the roof of a closet or the bathroom. This precluded him from possibly discovering the problem causing the leakage and curing the defect. In order to revoke her acceptance, plaintiff had to give defendant an opportunity to cure. It appears as though that was not done. The parties apparently fell into mutual disfavor due to plaintiff's annoyance with the condition of the trailer and defendant's helplessness due to the frustration of his attempts to repair.

In accordance with Pratt, supra, plaintiff cannot at this time be granted the revocation of acceptance. This, however, does not totally dismiss the action. Defendant has stated that he is willing to repair the trailer. He indicated that a proper inspection will reveal the problem and allow him to cure. He should be given a reasonable opportunity to do so. If, in fact, he fails, plaintiff's revocation of acceptance may then be considered ripe.

## ORDER

And now, this November 21, 1983, David D. Puffinburg and Juanita C. Puffinburg are dismissed as party defendants and the remaining defendants

are allowed 60 days to make the necessary inspection, and cure the defects; and plaintiff shall permit defendants to enter upon the premises for the purpose of making an inspection and curing the defects.

The court retains jurisdiction in this case to determine whether or not defendants cured the nonconformity.