## U.S. Fidelity and Guaranty Co. v. Lombardi

*Glenn M. Campbell,* for plaintiff.
*Marc Sigal,* for defendant.

GARB, *P.J.,* February 3, 1992—Plaintiff's motion for summary judgment will be granted.

This is an action in declaratory judgment in which plaintiff seeks a determination that it is not liable to pay under the underinsured motorists provisions of its

policy. In a motion for summary judgment, the moving party bears the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. The court must view the record in the light most favorable to the non-moving party. *Amabile v. Auto Kleen Car Wash,* 249 Pa. Super. 240, 376 A.2d 247 (1977), and *Bowman v. Sears, Roebuck & Co.,* 245 Pa. Super. 530, 369 A.2d 754 (1976).

The facts on this record establish that on or about November 4, 1987, the defendant allegedly sustained personal injury while operating her motor vehicle in Bensalem Township, Bucks County, when her vehicle was struck by one driven by Nancy Staerk, who was, at that time, insured by Cigna Property and Casualty Cos. under policy number B80546750. At the time of the accident, defendant was operating a motor vehicle owned by herself which was insured by plaintiff. The automobile liability insurance company for Nancy Staerk allegedly paid their full policy limits to the defendant. At the time of the accident, Nancy Staerk was operating her motor vehicle in the course and scope of her employment with Product Development Corp. This vehicle was covered by the liability insurance policy of Product Development Corp.* The policy issued

---

* These and succeeding facts are established both by admissions and denials of defendant's answer to the specific allegations of the complaint. The matters of relevancy which are denied, are simply "denied" without any further elaboration in the answer. Under those circumstances, those denials are deemed admissions. *Stimely v. Dutchmen Mobile Homes,* 240 Pa. Super. 626, 361 A.2d 733 (1976) and *Kappe Associates Inc. v. Aetna Casualty and Surety Co.,* 234 Pa. Super. 627, 341 A.2d 516 (1975). If a responder fails to make a specific denial of a factual averment, then the responder will be deemed to have admitted that factual averment. *Cercone v. Cercone,* 254 Pa. Super. 381, 386 A.2d 1 (1978). The other facts are established by deposition and affidavit.

by the plaintiff includes under insurance coverage and under Part C of that policy, the following appears:

"We will pay damages under this coverage arising out of an accident with an underinsured motor vehicle only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements."

The defendant's settlement with Cigna for its policy limits of liability for the Staerk vehicle, and defendant's execution of a general release in favor of Nancy Staerk and Cigna, does not amount to an exhaustion of all applicable bodily injury liability policies on the Staerk vehicle because a liability policy through Staerk's employer also covered her vehicle at the time of this incident. Defendant's execution of the general release with Cigna and Staerk which, effectively foreclosed her ability to obtain relief under the employer liability policy, does not constitute an exhaustion of the employer liability policy by payment of judgments or settlements. The exhaustion of payment of judgments or settlements of an applicable bodily injury liability bonds or policies is a condition precedent to the payment of underinsured motor vehicle benefits under the policy issued to defendant by the plaintiff.

Based upon those facts, we are satisfied that defendant has failed to satisfy the cited underinsured motorist provision of plaintiff's policy as a condition precedent. The record established that at the time of the accident, Staerk was operating her own motor vehicle while within the scope of her employment for Product Development Corp. The deposition of the records custodian of that company establishes that Staerk was in fact injured in the accident and recovered under the company's workmen's compensation insurance benefits. That deposition further established that the employer main-

tained a liability insurance policy which covered Staerk's vehicle at the time of the accident and to which the defendant herein would have recourse for her own bodily injuries. She failed to avail herself of that source of compensation as required by the policy issued her by the plaintiff. As such, she has not met the condition precedent. We do not believe that *Kester v. Erie Insurance Exchange,* 399 Pa. Super. 206, 582 A.2d 17 (1990), dictates a contrary result. There, the court was construing a different underinsured motorist provision and held it to be violative of public policy for being too broad. In addition, in that case, it was asserted that the failure to meet the condition precedent was to be found in the failure of the claimant to have sued PennDOT on a theory of negligent construction or maintenance of the highway. As the Superior Court points out in *Kester,* and as is clear from the Motor Vehicle Financial Responsibility Law, the underinsured motorists provisions mandated apply to policies on vehicles not on highways. See 75 Pa.C.S. §1701 et. seq. §1731.

For the foregoing reasons, we direct that summary judgment be entered in favor of the plaintiff and against the defendant.

## ORDER

And now, February 3, 1992, it is hereby ordered that summary judgment be entered in favor of the plaintiff and against the defendant.