J-A02030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TODD KENNEDY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MCCLARIN PROPERTIES, LLC AND | : | |
| MARTIN STEIN | : | |
| | : | |
| | : | No. 979 MDA 2018 |
| Appellants | : | |

Appeal from the Order Entered May 17, 2018
In the Court of Common Pleas of York County Civil Division at No(s):
2017-SU-001621

BEFORE: LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY LAZARUS, J.:          **FILED DECEMBER 09, 2019**

McClarin Properties, LLC (McClarin" and Martin Stein (collectively, Appellants) appeal from the order, entered in the Court of Common Pleas of York County, granting partial summary judgment in favor of Todd Kennedy regarding his claims for breach of contract, specific performance, and injunctive relief.[1] After careful review, we affirm.

---

[1] We note the Appellants' appeal, which pertains to the issuance of an injunction and an order for specific performance, is properly before this Court as an interlocutory appeal as of right. **See** Pa.R.A.P. 311(a)(4) (permitting interlocutory appeal as of right where court issues order that "grants or denies . . . an injunction unless the order was entered . . . [p]ursuant to 23 Pa.C.S. §§ 3323(f), 3505(a); or [a]fter a trial but before then entry of the final order[,]" circumstances which are not implicated in instant appeal); **see also Wynnewood Development, Inc. v. Bank and Trust Co. of Old York Road**, 711 A.2d 1003, 1003–1005 (Pa. 1998) (finding order dismissing portion of complaint requesting injunctive relief and specific performance, but leaving for trial compensatory damages claim, interlocutory order appealable as of right pursuant to Rule 311(a)(4)).

On January 15, 2015, Stein, the managing partner of McClarin, executed a written agreement (Letter Agreement) with Kennedy, under which Stein and Kennedy would each personally guarantee McClarin's payment and performance on a loan agreement between McClarin and Adams County National Bank (ACNB) in the principal amount of $3,750,000. In consideration for taking on the responsibilities of a guarantor, Kennedy was to receive $50,000 on or before June 15, 2015. Both Kennedy and Stein signed the Letter Agreement.

The Letter Agreement, in its entirety, reads as follows:

Reference is hereby made to the Loan Agreement ("Loan Agreement") between McClarin Properties, LLC and ACNB Bank, a Pennsylvania financial institution ("ANCB"), for the acquisition of certain real properties owned by McClarin Plastics, Inc. located at 15 Industrial Drive and 211 North Blettner Avenue. Capitalized terms used herein which are not otherwise defined shall have the meanings ascribed to such terms in the Loan Agreement.

ANCB requires that personal guaranties be executed in connection with the financing set forth in the Loan Agreement, which you [Kennedy] and I [Stein] have agreed to provide subject to the terms set forth herein. Thus, intending to be legally bound, the parties agree as follows:

1. Martin Stein and Todd Kennedy shall each execute a personal guaranty in favor of ANCB guarantying the payment and performance of the obligations of McClarin Properties to ANCB under the terms of the Loan Documents (together, the "Guaranties," and individually, the "Todd Kennedy Guaranty"). The Todd Kennedy agreement will expire after 6 months from the date of execution.

2. McClarin Properties, LLC, in the first instance, and Martin Stein agree to indemnify and hold you [Kennedy] and your affiliates harmless from and against all claims, liabilities, obligations, costs, damages, losses and expenses (including

> reasonable attorneys' fees and costs of investigation) of any nature (collectively, "Losses") arising out of or relating to any claims made under the Todd Kennedy Guaranty.
>
> 3.  In consideration for your execution of the Todd Kennedy Guaranty referenced in paragraph 1, McClarin Properties, LLC will pay you [Kennedy] $50,000 the sooner of June 15, 015 [sic], a refinance of the underlying loan or when the Todd Guaranty is removed (which in no case will be more than 6 months from the date of execution).

Letter Agreement, 1/15/15, at 1.

On August 17, 2017, Kennedy filed a complaint raising claims of breach of contract, unjust enrichment, and fraud against McClarin, and claims of permanent injunctive relief and specific performance against the Appellants. All claims concerned the Appellants' failure to pay Kennedy $50,000 or release him as a guarantor. On December 7, 2017, Kennedy filed a motion for partial summary judgment with regard to all claims except fraud.[2] Kennedy's motion specifically requested the trial court issue an order "directing [the Appellants] to take all necessary action to remove the Guaranty and thereby release [Kennedy] from any liability of any kind . . . related to the Loan Agreement between McClarin and ACNB." Motion for Partial Summary Judgment, 12/7/17, at 11.

---

[2] The trial court has yet to assess Kennedy's fraud claim.

On May 17, 2018, the trial court granted Kennedy's motion and entered partial summary judgment on his claims for breach of contract,[3] injunctive relief, and specific performance. On June 7, 2018, the Appellants filed a motion for reconsideration. On June 15, the Appellants timely filed a notice of appeal. On June 27, 2018, the trial court denied their motion for reconsideration. Both the Appellants and the court complied with Pa.R.A.P. 1925.

The Appellants raise the following issues for our review:

1. Whether the lower court erred as a matter of law and abused its discretion by applying the incorrect legal standard for the granting of mandatory injunctive relief?

2. Whether the lower court erred as a matter of law and abused its discretion when it determined that there were no material facts in dispute, and drew all factual inferences in the favor of [Kennedy]?

3. Whether the lower court erred as a matter of law and abused its discretion by granting relief to [Kennedy] requiring [Appellants] to take action that they have no legal or contractual authority and/or ability to take?

4. Whether the lower court erred as a matter of law and/or abused its discretion by granting [Kennedy's] request for specific performance where [Kennedy] failed to establish the elements necessary for such relief?

Brief of Appellant, at 5.

---

[3] As the court granted relief with respect to breach of contract, it did not assess Kennedy's claim for unjust enrichment, which he pleaded in the alternative.

- 4 -

Preliminarily, we examine which claims are preserved for our review. "[A]rguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal." **Moranko v. Downs Racing LP**, 118 A.3d 1111, 1116 (Pa. Super. 2015). As we previously stated:

> [A] non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal. . . . A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not. This proposition is consistent with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review.

**Rohrer v. Pope**, 918 A.2d 122, 128 (Pa. Super. 2007).

The trial court found the Appellants first, third, and fourth claims[4] waived, as the Appellants failed to raise these arguments "when responding to [Kennedy's] request for partial summary judgment." Pa.R.A.P. 1925(a) opinion, 8/14/18, at 6–7. The court explained its decision as follows:

> [The Appellants'] brief in opposition to [Kennedy's] motion for partial summary judgment only discussed the issue of whether [the Appellants] had sufficiently answered the complaint. [The court was] not asked to consider whether it would be impossible or impractical for [the Appellants] to perform under the injunction. [The court was] also not asked to address the issue of an injunction on the merits. . . . [The Appellants] were very much

---

[4] The court referred to the first, third, and fourth issues in the Appellants' Rule 1925(b) statement; these correspond directly to the first, third, and fourth issues in the Appellants' brief. **See** Pa.R.A.P. 1925(a) Opinion, 8/14/18, at 5–6; **see also** Brief of Appellant, at 5.

aware of what [Kennedy] was requesting in his counts for injunctive relief and specific performance. If [the Appellants] felt that it was impossible for them to take action pursuant to a preliminary injunction, then they should have raised this issue specifically in their answer, or in new matter, or at the very least, in their opposing brief.

*Id.*

Kennedy's Brief in Support of Motion for Summary Judgment highlighted the following: 1) the standard by which permanent mandatory injunction claims are assessed;[5] 2) the elements of a specific performance claim; and 3) the nature of relief sought under both permanent mandatory injunction and specific performance claims. **See** Brief in Support of Plaintiff's Motion for Partial Summary Judgment, 12/7/17, at 7–13. At no point in the Appellants' Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment do they address the standard by which they believed permanent mandatory injunctions claims should be evaluated,[6] the elements of a specific

---

[5] Kennedy and the court referenced identical language outlining the standard governing permanent mandatory injunctions. **See** Brief in Support of Plaintiff's Motion for Partial Summary Judgment, 12/7/17, at 10; **see also** Order Granting Plaintiff's Motion for Summary Judgment, 5/17/18, at 14 (quoting **J.C. Erlich Co., Inc, v. Martin**, 979 A.2d 862, 864 (Pa. Super. 2009) ("In order to establish a claim for a permanent mandatory injunction, the party must establish his or her clear right to relief. However, unlike a claim for a preliminary injunction, the party need not establish either irreparable harm or immediate relief and a court may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law.")).

[6] We note the Appellants incorrectly conflate the standard for *preliminary* mandatory injunctions with that for *permanent* mandatory injunctions. **See** Brief of Appellants, at 15 (citing **Mazzie v. Commonwealth**, 432 A.2d 985, 986 (Pa. 1981) (concerning *preliminary* mandatory injunction)); **see also**

performance claim, or the impossibility of Kennedy's requested relief pursuant to either a permanent mandatory injunction or specific performance.[7] **See** Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment, 2/2/18, at 1–11. Instead, the Appellants exclusively focus on whether there was a genuine issue of material *fact*, entirely neglecting to entertain the arguments put forth by Kennedy as to why he was "entitled to relief as a matter of *law*[.]" **Murphy**, **supra** at 429 (emphasis added).

_____

**supra** at n.5. Further, the Appellants largely support their argument with decisions from the Commonwealth Court—decisions by which we are not bound. **See Beaston v. Ebersole**, 986 A.2d 876, 881 (Pa Super. 2009) ("[D]ecisions rendered by the Commonwealth Court are not binding on this Court").

[7] Pennsylvania has adopted the definition of legal impossibility put forth by section 261 of the Restatement (Second) of Contracts, which states as follows:

> Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate to the contrary.

Restatement (Second) of Contracts § 261 (1981); **accord Felix v. Giuseppe Kitchens & Baths, Inc.**, 848 A.2d 943, 947 (Pa. Super. 2004) ("It is well[-]settled that a party assumes the risk of his or her own inability to perform contractual duties. A claim of personal inability to perform the actions contemplated . . . does not rise to the level of legal impossibility."). Though the Appellants are not party to the agreement between Kennedy and ACNB, the Appellants could potentially seek to have Kennedy removed as a guarantor by refinancing the loan, an action explicitly contemplated by the Letter Agreement. **See** Letter Agreement, at 1. ("McClarin Properties, LLC will pay you [Kennedy] $50,000 the sooner of June 15, 015 [sic], *a refinance of the underlying loan* or when the Todd Guaranty is removed (which in no case will be more than 6 months from the date of execution).") (emphasis added).

- 7 -

As the Appellants failed to argue the appropriateness of the standard under which permanent mandatory injunctions are imposed, the elements of a specific performance claim, or the impossibility of performing the relief requested by Kennedy as "grounds for relief in the trial court as a basis upon which to deny summary judgment[,]" the Appellants' first, third, and fourth claims are consequently waived.  *Rohrer*, *supra* at 128.

The sole claim preserved for our review is, therefore, whether "the lower court erred . . . when it determined . . . there were no material facts in dispute, and drew all factual inferences in favor of [Kennedy]?"  Brief of Appellants, at 5.  The Appellants argue the following errors rendered partial summary judgment improper:  1) the Letter Agreement itself is ambiguous as to whether the Appellants owed a duty to remove Kennedy as a guarantor, necessarily making the court's interpretation of the Letter Agreement an impermissible inference in favor of the moving party; and 2) the lower court improperly construed certain denials in the Appellants' pleadings as admissions and compounded that error by relying on that assessment in determining whether there was a material difference of fact.  *See id.* at 20–26.  We address these arguments in reverse order, as the first argument turns on the second.

This Court evaluates the remaining claim under the following, well-established standard:

> Our review on an appeal from the grant of a motion for summary judgment is well-settled.  A reviewing court may disturb the order of the trial court only where it is established that the court

committed an error of law or abused its discretion.  As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule.  The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment.  Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof . . . establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Murphy v. Duquesne University of the Holy Ghost***, 777 A.2d 418, 429

(Pa. 2001) (citations and quotations omitted).

The non-moving party cannot allege the existence of a genuine issue of material fact when the issue alleged was generally denied in the pleading, as "general denials constitute admissions where . . . specific denials are required."  ***See Bank of America, N.A. v. Gibson***, 102 A.3d 462, 466–67 (Pa. Super. 2014); ***see also Bayview Loan Servicing LLC v. Wicker***, 163 A.3d 1039, 1044 (Pa. Super. 2017) (finding partial summary judgment appropriate where answer contained general denial relating to mortgage default, constituting admission); ***accord*** Pa.R.C.P. 1029(b) ("[A]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication.  A general denial or a demand for proof . . . shall have the effect of an admission.").

To determine whether a denial has been made with sufficient specificity, we review the responsive pleading as a whole. *Cercone v. Cercone*, 386 A.2d 1, at 6 (Pa. Super. 1978). This Court views denials as insufficient where that denial fails to inform the trial court or the opposing party of the grounds forming the basis for that denial. *Compare Swift v. Milner*, 538 A.2d 28, 30 (Pa. Super. 1988) (stating "Denied" to salient averments constituted general denial manifesting admission, warranting judgment on pleadings) *and Stimely v. Dutchmen Mobile Homes*, 361 A.2d 733, 737 (Pa. Super. 1976) ("Defendant's broad denial that appellant's rejection was pursuant to the Uniform Commercial Code *cannot be said to have made Appellant or the lower court aware that it specifically denied that she had given timely notice of the rejection*.") (emphasis added) *with U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 395–98 (Pa. Super. 2015) (finding mortgagor did not admit to amount of indebtedness alleged in complaint when mortgagor *presented sufficient evidence to support a finding* that she as unable to ascertain amount owed on loans).

At summary judgment, "it is [the non-moving party's] responsibility to show that a genuine issue of fact exists by affidavit or otherwise." *Johnson v. Harris*, 615 A.2d 771, 775 (Pa. Super. 1992). "Where the non[-]moving party bears the burden of proof . . . he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving

party to judgment as a matter of law." ***Krauss v. Trane U.S. Inc.***, 104 A.3d 556, 563 (Pa. Super. 2014).

Our examination of the pleadings in their totality belies the Appellants' assertion that the trial court erred in finding certain pleadings constituted admissions. ***See Bayview Loan Servicing LLC***, ***supra*** at 1044. The Appellants' admitted "Exhibit A" to the Plaintiff's Complaint[8] was a true and accurate copy of the Letter Agreement, and that the Letter Agreement spoke for itself. ***See*** Answer with New Matter, 9/6/17, at 1. In paragraph 8 of Kennedy's complaint, he stated "[p]ursuant to the Letter agreement, Kennedy executed a Guaranty and Suretyship Agreement in January 2015 in favor of ACNB," Complaint, 8/17/17, at 2, to which the Appellants replied, "Admit.[9]" Answer with New Matter, 9/6/17, at 2. Paragraph 36 of the complaint states, "[a]s set forth in the Guaranty, in the event McClarin Defaults, Kennedy is

---

[8] Exhibit A to the Complaint, which was signed by both Kennedy and Stein, states the guaranty was to be removed no more than "6 months from the date of execution." Letter Agreement, at 1–3. Moreover, the Letter Agreement states Kennedy would be paid $50,000 at the earliest occurring of the three following circumstances: 1) "June 15, 015 [*sic*] [;]" 2) "a refinance of the underlying loan[;]" or 3) "when the Todd Guaranty is removed." Letter Agreement, at 1.

[9] The Appellants argued in their motion opposing partial summary judgment that the admission to paragraph 8 did not constitute an admission of Kennedy's complete performance under the Letter Agreement; they, however, failed to provide any additional facts that would support that assertion. ***See*** Defendants' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment, at 4; ***see also Johnson***, ***supra*** at 775 ("it is [the non-moving party's] responsibility to show that a genuine issue of fact exists by affidavit or otherwise.").

personally obligated to guaranty payment and performance of a $3,750,000 obligation of McClarin[,]" Complaint, 8/17/17, at 6, to which the Appellants replied, "[t]he Kennedy Guaranty speaks for itself and any characterization thereof by [Kennedy] is denied." Answer with New Matter, 9/6/17, at 5. The above-mentioned pleadings in Appellants' answer constitute either an outright admission or a general denial failing to inform Kennedy or the court as to the nature of the Appellants' disagreements with Kennedy's averments, fatally frustrating the second aspect of the Appellants' argument. **See Swift**, **supra** at 30; **see also Stimely**, **supra** at 737.

Finding the trial court properly assessed the averments above to be either general denials or outright admissions, we turn to the court's interpretation of the Letter Agreement. The court made the following findings in determining there were no material facts at issue regarding the letter agreement: 1) the terms of the Letter Agreement were clear, including the provision that Kennedy would be released as a guarantor; 2) the Appellants admitted Kennedy fulfilled his obligations under the Letter agreement; and 3) the Appellants admitted Kennedy would be responsible for the entirety of McClarin's $3,750,000 obligation in the event McLarin defaulted on the loan. **See** Order Granting Plaintiff's Motion for Partial Summary Judgment, 5/17/18, at 14–18.

The Appellants initially asserted the Letter Agreement spoke for itself. **See** Answer with New Matter, at 1 ("The Letter Agreement speaks for itself[.]"). Kennedy, in support of partial summary judgment, stated "[t]he

terms of the Letter Agreement are straightforward and unambiguous."). Brief in Support of Partial Summary Judgment, at 5. The Appellants never refuted that assertion, instead focusing their brief in opposition to partial summary judgment exclusively on whether denials had been made with sufficient specificity, neglecting to assert that ambiguities in the Letter Agreement raised a material question of fact. *See* Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment, at 5–10. Consequently, we find the material facts of this matter were not in dispute as a result of the Appellants' failure to specifically deny the veracity of material facts averred in Kennedy's complaint, and because the Appellants lack any support, via affidavit or otherwise, to lend credence to the argument that there was an issue of material fact.[10] *See* *Bayview Loan Servicing LLC*, *supra* at 1044 (regarding general denials); *Johnson*, *supra* at 775 ("[I]t is [the non-moving party's] responsibility to show that a genuine issue of fact exists by affidavit or otherwise.").

Order affirmed.

Judge Dubow joins this Memorandum.

Judge Nichols notes her dissent.

---

[10] Beyond alleging ambiguities in the Letter Agreement, the Appellants have not disputed any facts material to claims for specific performance or mandatory permanent injunctions. *See* Brief of Appellant, at 20–26. We decline to search for any such factual disputes. *Bombar v. West American Ins. Co.*, 932 A.2d 78, 93 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/9/2019</u>