**Robert ROHRER, Appellant**

**v.**

**Ronald POPE, M.D., Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 2006.
Filed Feb. 21, 2007.

4. In light of the foregoing, it is unnecessary for us to address Appellant's alternate suppression arguments.

Robert Rohrer, appellant, pro se, Lawrence E. Brinkmann, Jr., Doylestown, for appellant.

Phillip B. Silverman, Philadelphia, for appellee.

BEFORE: LALLY–GREEN, GANTMAN, and POPOVICH, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Robert Rohrer, appeals from the order of the Bucks County Court of Common Pleas, which granted summary judgment in favor of Appellee, Ronald Pope, M.D., in this psychiatric medical malpractice action. We hold Appellant failed to adduce sufficient evidence to establish a *prima facie* cause of action in psychiatric medical malpractice; there were no genuine issues of material fact to preclude summary judgment in this case; and the trial court properly granted summary judgment in favor of Appellee, dismissing Appellant's psychiatric medical malpractice action with prejudice. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Appellant commenced this action by writ of summons on December 20, 1999. On July 26, 2000, Appellant filed a complaint alleging psychiatric medical malpractice. In his complaint, Appellant averred: (1) From 1994–1997, Appellant received psychiatric treatment from Appellee at the Penn Foundation in Sellersville, Pa.; (2) Appellant disclosed confidential information to Appellee during treatment sessions regarding contentious issues between him and his housemate, Suzanne Bunting; (3) While still treating Appellant, Appellee accepted Ms. Bunting as a patient and began counseling sessions, in part regarding the contentious issues between Ms. Bunting and Appellant; (4) On December 22, 1997, Appellant learned that Appellee was divulging Appellant's confidential information to Ms. Bunting; (5) Appellee created a conflict of interest and breached professional ethics when he accepted Ms. Bunting as a patient; (6) Appellee breached his duty of confidentiality to Appellant when he shared Appellant's privileged communications with Ms. Bunting without Appellant's consent; (7) Appellee's breach of his professional standard of care was negligent, careless and reckless; (8) Appellee's breach proximately caused Appellant's relationship with Ms. Bunting to deteriorate and become violent; (9) Appellee's breach directly and proximately caused Appellant to suffer, *inter alia*, the following losses and damages: Appellant lost his relationship with Ms. Bunting; police officers removed Appellant from the home he shared with Ms. Bunting; Appellant incurred expenses in finding alternate living arrangements; Appellant lost his ownership interest in the shared residence; Appellant incurred legal costs to defend against Ms. Bunting's application for a Protection From Abuse order; Appellee's breach caused a delay in the commencement of necessary treatment for Appellant's medical condition, the consequences of which are not fully known at present; and (10) Appellee's willful, wanton and malicious breach of his duty of confidentiality entitles Appellant to punitive damages. (Complaint, filed 7/26/00, at 1–3).

¶ 3 As part of discovery, Appellee served written expert interrogatories upon Appellant in June 2000. Appellant did not reply. On February 1, 2001, Appellee filed a motion to compel answers to interrogatories. On February 14, 2001, the court ordered Appellant to answer Appellee's interrogatories within 20 days or file a motion for hearing within 10 days. Appellant did not timely comply with the court's order. On August 17, 2001, Appellee filed a motion to dismiss, for failure to comply with the court's order to fully answer discovery. Appellant finally answered the expert witness interrogatories in October 2001, stat-

ing "None at this time. To be provided." (Appellee's Memorandum of Law in Support of Motion to Compel Supplemental Responses to Expert Witness Interrogatories, Exhibit C, filed 3/1/04). Over the next several years, Appellee filed a series of motions relating to various discovery requests. The court held multiple hearings and issued numerous orders for Appellant to comply with discovery requests. Appellant failed to comply with all court orders.

¶ 4 By letter dated February 11, 2004, Appellee's counsel requested a supplemental response to expert witness interrogatories, and advised Appellant that Appellee would file a motion to compel Appellant to provide information about his expert witnesses. Appellant did not respond. On March 1, 2004, Appellee filed a motion to compel Appellant to supplement his response to Appellee's expert witness interrogatories. On March 8, 2004, the court ordered Appellant to file a motion for hearing within 10 days or provide responses within 30 days. Appellant failed to comply with the court's March 8, 2004 order.

¶ 5 On May 4, 2004, Appellee moved for sanctions, requesting the court to preclude Appellant from presenting expert testimony or evidence as to liability and damages at trial. Appellant and his counsel did not appear at the July 16, 2004 hearing on the motion. Following the hearing, the court ordered Appellant to provide full and complete answers to expert witness interrogatories within 10 days or be precluded from offering expert testimony or evidence at trial. (N.T., 7/16/04, at 4). When Appellant failed to respond, Appellee filed a motion for sanctions on October 21, 2004, seeking preclusion of Appellant's proposed expert testimony at trial. Following a hearing on December 13, 2004, the court granted Appellee's motion.

¶ 6 On March 29, 2005, Appellee filed a motion for summary judgment. Appellee's motion averred that (1) the court precluded Appellant from presenting expert testimony at trial, because Appellant failed to provide answers to expert interrogatories or an expert's report or *curriculum vitae;* (2) professional malpractice actions require expert testimony to establish the standard of reasonable medical care; (3) Appellant's lack of an expert to establish duty, breach of the standard of care, and causation in this medical negligence action results in no genuine issue of material fact; (4) the record reveals no evidence Appellee deviated from the appropriate standard of care; (5) Appellee's medical expert opined there was no evidence Appellee deviated from the standard of care;[1] and (6) Appellant cannot maintain a cause of action for profes-

---

1. In his report dated February 11, 2004, Appellee's medical expert, Timothy J. Michals, M.D., stated in pertinent part:

 Based on the results of my clinical psychiatric examination [of Appellant], review of records, my training, education, and experience, and if the history provided by [Appellant] is accurate and reliable, it is my opinion that the treatment and care rendered by [Appellee] to [Appellant] was appropriate and conformed to the standard of care within this medical community.

 * * *

 There is no documentation in the records that I reviewed to [Appellant's] claim that

 Ms. Bunting was a patient of [Appellee]. It is not a deviation from the standard of care for a psychiatrist to evaluate and/or treat a companion or family member of another patient.

 * * *

 In summary, there is no information in the records and reports that I have reviewed to support the allegation that [Appellee] treated Ms. Bunting and if she was indeed his patient, that he provided information to her concerning [Appellant].

 (Appellee's Motion for Summary Judgment, Exhibit F, filed 3/29/05, at 24–27).

sional negligence against Appellee. (Motion for Summary Judgment, 3/29/04, at 2–3).

¶ 7 Appellant filed a response in opposition to Appellee's motion for summary judgment, in which Appellant alleged the record did contain evidence Appellee had deviated from the applicable standard of care. According to Appellant, in paragraph 10 of Appellee's answer to Appellant's complaint, Appellee improperly denied and therefore admitted Appellant's factual allegation that Appellee had divulged to Ms. Bunting confidential information he learned from Appellant.

¶ 8 Appellant further supported his claims with two documents that Appellant alleged would prove Ms. Bunting was Appellee's patient and Appellee had disclosed confidential information about Appellant to her.[2] Appellant also argued he did not need expert testimony to support his cause of action, because the psychiatrist's standard of care regarding patient confidentiality is codified under 42 Pa.C.S.A. § 5929, and a psychiatrist's duty not to disclose confidential information about his patient, without the patient's consent, is a matter of common knowledge. (*Id.*) By order dated November 22, 2005 and entered November 23, 2005, the trial court granted summary judgment in favor of Appellee and dismissed Appellant's medical malpractice case with prejudice, because Appellant could not sustain his cause of action in medical malpractice without an

expert witness. This timely appeal followed.

¶ 9 On appeal, Appellant raises the following issue for our review:

WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF [APPELLEE]?

(Appellant's Brief at 2).

¶ 10 An order granting summary judgment is subject to the following scope and standard of appellate review:

[W]e are not bound by the trial court's conclusions of law, but may reach our own conclusions. In reviewing a grant of summary judgment, the appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion. The scope of review is plenary and the appellate court applies the same standard for summary judgment as the trial court.

*Devine v. Hutt*, 863 A.2d 1160, 1166–67 (Pa.Super.2004) (internal citations omitted).

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Id.* (quoting *Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super.2000) (internal citations omitted)).

---

**2.** Appellant attached an unauthenticated, unverified copy of a Penn Foundation Emergency Services report, dated December 22, 1997 and signed by a crisis worker, which indicated Ms. Bunting called to report Appellant was drunk, kicked her out of the house, and threatened to kill her and then himself, and that there was some discussion with the crisis worker about a protection from abuse order; the form indicates Appellee's name as Ms.

Bunting's therapist. (Memorandum of Law in Opposition to Motion for Summary Judgment, Exhibit A). Appellant also attached an unauthenticated copy of what he alleged was one page from Appellee's progress notes in Appellant's treatment files, dated January 13, 1998, which contained the following entry: "I admitted that perhaps I should not have seen her (in retrospect)." (*Id.*)

¶ 11 Appellant argues he pled sufficient facts to create a jury question on whether Appellee's acts constituted a breach of his duty of confidentiality to Appellant, causing injury to Appellant and entitling Appellant to damages. First, Appellant alleges Appellee "admitted" he had violated the standard of care, by failing to specifically deny in the pleadings that he had divulged Appellant's confidential information to Ms. Bunting. Appellant claims the Emergency Services document from the Penn Foundation proves that Ms. Bunting was Appellee's patient. Appellant further contends the unauthenticated excerpt from Appellee's treatment files, in which Appellee wrote that he probably "should not have seen her," shows Appellee knew he had breached the standard of care.

¶ 12 Appellant also insists he can establish the appropriate standard of care without expert witness testimony. Appellant maintains a psychiatrist's duty of confidentiality to patients is codified at 42 Pa. C.S.A. § 5944.[3] Appellant also asserts there is no need to establish the standard of care through an expert witness, because the psychiatrist's duty of confidentiality is "common knowledge" in the community. Additionally, Appellant contends he could elicit the standard of care at trial by cross-examining Appellee and Appellee's expert witness about the American Psychiatric Association's principles of medical ethics pertaining to psychiatric treatment. Appellant insists the court should have permitted him to proceed in his medical malpractice action without an expert. Appellant concludes the trial court erred in granting summary judgment in favor of Appellee. We disagree.

¶ 13 Pennsylvania Rule of Civil Procedure 1035.2 governs summary judgment as follows:

**Rule 1035.2. Motion**

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. A proper grant of summary judgment is supported by a record that (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense. *Grandelli v. Methodist Hosp.*, 777 A.2d 1138, 1143 (Pa.Super.2001) (citing Pa.R.C.P. 1035.2 Note). Moreover,

Where a motion for summary judgment is based upon insufficient evidence of facts, the adverse party must come forward with evidence essential to preserve

---

**3.** Section 5944 states:

**§ 5944. Confidential communications to psychiatrists or licensed psychologists**

No psychiatrist or person who has been licensed ... to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.

42 Pa.C.S.A. § 5944.

the cause of action. If the non-moving party fails to come forward with sufficient evidence to establish or contest a material issue to the case, the moving party is entitled to judgment as a matter of law. The non-moving party must adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party. As with all summary judgment cases, the court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party as to the existence of a triable issue.

*Id.* at 1143–44 (internal citations omitted).

 ¶ 14 Additionally, "arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal." *Devine, supra* at 1169.

[A] non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal.... A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not. This proposition is consistent with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review.

*Walsh v. Borczon,* 881 A.2d 1, 5 (Pa.Super.2005) (emphasis omitted) (quoting *Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership,* 764 A.2d 1100, 1105 (Pa.Super.2000), *appeal denied,* 566 Pa. 664, 782 A.2d 546 (2001)).

 ¶ 15 With regard to medical malpractice cases, well-settled Pennsylvania law makes clear:

In order to establish a *prima facie* cause of action for medical malpractice, a plaintiff must demonstrate that (1) the physician owed a duty to the patient; (2) the physician breached that duty; (3) the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient, and (4) the damages suffered by the patient were the direct result of that harm. [B]ecause the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson, a medical malpractice plaintiff generally must produce the opinion of a medical expert to demonstrate the elements of his cause of action. Where a plaintiff fails to produce an expert in a situation requiring one, the court should grant a defendant's motion for summary judgment.

*Masgai v. Franklin,* 787 A.2d 982, 985 (Pa.Super.2001) (internal citations and quotation marks omitted). "An exception to the requirement of expert testimony in medical malpractice actions applies 'where the matter is so simple or the lack of skill or care so obvious as to be within the range of experience and comprehension of even lay persons.' " *Grandelli, supra* at 1146 (quoting *Hightower–Warren v. Silk,* 548 Pa. 459, 463 n. 1, 698 A.2d 52, 54 n. 1 (1997)).

¶ 16 We also observe that Pennsylvania Rule of Civil Procedure 1029(b) provides:

**Rule 1029. Denials. Effect of Failure to Deny**

(a) A responsive pleading shall admit or deny each averment in the preceding pleading or any part thereof....

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general de-

nial or a demand for proof, except as provided by subdivisions (C) and (e) of this rule, shall have the effect of an admission.

(c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

Note: Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false. *See Cercone v. Cercone,* 254 Pa.Super. 381, 386 A.2d 1 (1978).

(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied.

(e) In an action seeking monetary relief for bodily injury, death or property damage, averments in a pleading to which a responsive pleading is required may be denied generally except the following averments of fact which must be denied specifically:

> (1) averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person and the ownership, possession or control of the property or instrumentality involved;
>
> (2) if a pleading seeks additional relief, averments in support of such other relief; and
>
> (3) averments in preliminary objections.

Note: Subdivision (e) applies only to those actions for which damages for delay may be awarded pursuant to Rule of Civil Procedure 238.

Pa.R.C.P. 1029. If the action is within the scope of subsection (e), averments of fact may be denied generally. *Id.* Explanatory

Comment—1994. There are three exceptions to the "general denial" principle set forth in Rule 1029(e): (a) averments of identity, agency, and ownership; (b) multiple causes of action; and (c) preliminary objections must be denied specifically. *Id.*

¶ 17 While averments of fact require a denial, conclusions of law do not compel a response. *Devine, supra; In re Estate of Roart,* 390 Pa.Super. 38, 568 A.2d 182 (1989), *appeal denied,* 527 Pa. 587–588, 588 A.2d 509–510 (1990). "A legal conclusion is a statement of a legal duty without stating the facts from which the duty arises." *Mellon Bank, N.A. v. National Union Ins. Co. of Pittsburgh, PA,* 768 A.2d 865, 869 n. 1 (Pa.Super.2001). "A statement of the existence of a fact could be a legal conclusion if the fact stated is one of the ultimate issues in the proceeding." *Id.*

¶ 18 In the present case, we initially observe that in his answer to Appellee's motion for summary judgment Appellant argued he did not need an expert to establish the psychiatrist's duty of confidentiality to patients, because the standard is codified in 42 Pa.C.S.A. § 5929. (*See* Appellant's Answer to Motion for Summary Judgment at 2). On appeal, Appellant now cites 42 Pa.C.S.A. § 5944 as controlling law in support of his claim that he did not need an expert to establish the psychiatrist's standard of care. Appellant did not raise this ground for relief before the trial court in opposition to Appellee's motion for summary judgment. Appellant's decision to pursue his argument under another statute carries the certain consequence of waiver for the present argument that could have been raised but was not. *See Walsh, supra; Devine, supra.* Therefore, Appellant has waived his assertion that the psychiatrist's standard of care is codified in the statute he now

cites.[4] *Id.*

▉ ¶ 19 Moreover, for purposes of our disposition we need not decide whether Appellant could establish the applicable standard of care without an expert, because Appellant failed to allege sufficient facts to prove breach of duty or causation. With respect to Appellant's claim that Appellee admitted, by failing to deny, that he divulged confidential information to Ms. Bunting, we note Appellant alleged at paragraph 10 of his complaint: "At some point during session(s) with Bunting, [Appellee] divulged to Bunting, confidential information learned from and concerning [Appellant]." (Appellant's Complaint at ¶ 10).

¶ 20 Appellee answered that paragraph of the complaint as follows:

> 10. Denied. Answering [Appellee] is advised by counsel and therefore avers that the allegations contained in the corresponding paragraphs of [Appellant's] Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at the time of trial, if material.

(Appellee's Answer to Appellant's Complaint at ¶ 10).

¶ 21 To the extent Appellant's allegation in paragraph 10 of his complaint is a statement of a fact, under Rule 1029, Appellee was not required to specifically deny the averment; a general denial was sufficient. *See* Pa.R.C.P. 1029. Moreover, Appellant's statement could also be interpreted as a statement of legal duty or a legal conclusion, because the facts stated are two of the ultimate issues in the case, that is, whether Appellee made any disclosures, which were learned from and concerned Appellant, and whether they were confidential within the meaning of a psychiatrist-patient relationship. *See Mellon Bank, N.A., supra.* If so, no response was technically required. *See Devine, supra; In re Estate of Roart, supra.* In either event, Appellee's answer was adequate and did not constitute an admission of fact.

▉ ¶ 22 Further, Appellant has not averred sufficient facts to establish that Appellee breached a duty owing to Appellant. Appellant's unauthenticated documents do not adequately establish that Appellee did, in fact, see Ms. Bunting, what specific information Appellee allegedly disclosed to Ms. Bunting, when Appellee allegedly disclosed the information, and the specific circumstances under which Appellee learned the information from Appellant, so that Appellee knew or should have known Appellant considered the information confidential. *See Masgai, supra.* Appellant also does not present facts to show how Appellee's alleged disclosures directly or proximately caused Appellant's claimed injuries. Absent these facts, Appellant failed to establish a causal connection between Appellee's alleged acts and the harm Appellant alleges he suffered as a result. *See id.* Therefore, we hold the court properly granted summary judgment in Appellee's favor. *See Grandelli, supra;* Pa.R.C.P. 1035.2.

¶ 23 Based upon the foregoing, we hold Appellant failed to adduce sufficient evidence to establish a *prima facie* cause of action for psychiatric medical malpractice; there were no genuine issues of material fact to preclude summary judgment in this case; and the trial court properly granted summary judgment in favor of Appellee,

---

4. To the extent Appellant asserts the American Psychiatric Association's ethical rules establish the appropriate standard of care applicable to Appellant's case, Appellant did not present this argument initially before the trial court in opposition to summary judgment. Therefore, Appellant has also waived this assertion on appeal. *See id.*

dismissing Appellant's psychiatric medical malpractice action with prejudice. Accordingly, we affirm albeit on other grounds. *See Devine, supra* at 1170 (sustaining trial court's grant of summary judgment on different basis, where trial court reached correct result).

¶ 24 Order affirmed.