**Delgarcia v. Target**

*Marc F. Greenfield,* for plaintiff.
*Francis J. Grey Jr.,* for defendant

DiVITO, *J.,* September 8, 2010—On June 4, 2009, plaintiff Bernadette Delgarcia filed suit against Target Corporation alleging liability for injuries sustained on November 13, 2008 inside a Target store located at 4000 Monument Road in Philadelphia, Pennsylvania. According to the complaint, Ms. Delgarcia entered the Target store at approximately 11 a.m., crossed the carpeted entryway, and took several steps across the tile floor. Ms. Delgarcia then fell forward onto her hands and knees. She stood up and proceeded into the store. She did not seek help or notify any store employees. The incident was captured on the store's surveillance camera. There is no evidence of any defect in the tile floor, of any unsafe conditions, or of any other customers falling that day.

An arbitration hearing was scheduled for January 29, 2010. The defendant's filed an answer on July 6, 2009. On August 18, 2009 Target Corporation filed a discovery hearing request concerning a motion to compel answers and production of documents. The hearing was scheduled for September 10, 2009. On November 21 and November 23, 2009, plaintiff and defendant, respectively, filed motions to compel depositions. A hearing for both motions was scheduled for December 17, 2009.

On December 15, 2009, defendant Target Corporation filed a motion for summary judgment. A response date of January 15, 2010 was assigned. On December 18, a continuance was granted for the arbitration, and the ar-

bitration hearing was rescheduled to March 18, 2010. Both Target Corporation and Ms. Delgarcia were also ordered to appear for depositions on January 6, 2010.

On February 3, 2010 this court granted Target Corporation's motion for summary judgment and dismissed with prejudice all claims against Target Corporation. Notice was given under Rule 236.

On April 15, 2010 notice was given that appellant, Ms. Delgarcia, had 21 days in which to serve on this court a brief statement of matters complained of on appeal in accordance with Pa.R.C.P 1925(b). Appellant's statement of matters complained on appeal was filed on May 5, 2010.

In her 1925(b) statement, appellant raises three matters. She asserts that she is receiving therapy, has medical bills, and deserves compensation for pain and suffering. These claims are insufficient to sustain an appeal to the motion for summary judgment entered on February 3.

This court begins by noting that summary judgment is appropriate where there is no genuine issue of material fact or a where the party which will bear the burden of proof fails to present evidence sufficient to present the issue to a jury. Pa.R.C.P. 1035.2. Instantly, a careful review of the matter indicates the plaintiff should be denied relief because she alleges no new evidence sufficient to create a genuine issue of fact. The complaint contains mere allegations, which is an insufficient basis to avoid summary judgment. *Botkin v. Metropolitan Life Insurance, Co.,* 907 A.2d 641 (Pa. Super 2006). Even if all of

the matters complained of on appeal are taken as true, they offer no basis for relief for the appellant/plaintiff.

In reviewing a grant of summary judgment, the appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion. *Phillips v. Selig,* 959 A.2d 420 (Pa. Super. 2008). The scope of review is plenary and the appellate court applies the same standard for summary judgment as the trial court. *Petrongola v. Comcast-Spectacor L.P.,* 789 A.2d 204 (Pa. Super. 2001).

Where a motion for summary judgment is based upon insufficient evidence, the adverse party must come forward with evidence essential to preserve the cause of action. If the non-moving party fails to come forward with sufficient evidence to establish or contest an issue material to the case, the moving party is entitled to judgment as a matter of law. *Rohrer v. Pope* 918 A.2d 122, 128 (Pa. Super. 2007).

Appellant has failed to allege sufficient facts or establish that Target Corporation negligently failed to protect her from an unreasonable risk of harm about which it had actual or constructive knowledge. Appellant has not offered evidence that Target had actual or constructive notice of any alleged defect in the floor tile. The 1925(b) statement offers no additional basis for her theory of liability.

Given that the facts alleged by the appellant are not sufficient to sustain her cause of action and do not present a material issue of fact for a jury, it is suggested that this court's ruling in favor of summary judgment for defendant Target Corporation be affirmed.