J. A32002/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAVIEL HERNANDEZ, | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL AMORATIS | : | |
| | : | |
| | : | No. 1359 EDA 2016 |

Appeal from the Order Entered April 19, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-27025

BEFORE: DUBOW, RANSOM AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 27, 2016**

Appellant, Javiel Hernandez, appeals from the Order entered on April 19, 2016, granting summary judgment in favor of Appellee, Michael Amoratis. After a thorough review of the parties' briefs, the certified record, and relevant law, we affirm on the basis of the trial court's June 23, 2016 Opinion.

The trial court's Rule 1925(a) Opinion includes a thorough and complete narrative of the facts and procedural history in this case, and we adopt its recitation for purposes of this appeal. **See** Trial Ct. Op., 6/23/2016, at 1-3. We summarize as follows.

---

[*] Retired Senior Judge Assigned to the Superior Court.

This case arises from a September 11, 2013 motor vehicle accident in which Appellee rear-ended Appellant's vehicle as Appellant waited at a red light. Appellant reported to police responders to the scene of the accident that he was not injured, but later experienced mild lower back pain. Appellant underwent approximately seven months of chiropractic therapy, at the close of which he advised his doctor that he had not had any pain for over a month, and that he was back to full activity with limited to no restriction. Appellant testified that the injuries he sustained were not severe and had only ever caused minor inconveniences in daily life. At the time of the accident, Appellant had limited tort motor vehicle insurance coverage as defined by the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. § 1705. **See** Trial Ct. Op. at 1-2.

On September 30, 2014, Appellant filed a Complaint against Appellee raising claims of negligence. On January 19, 2016, Appellee moved for Summary Judgment. On March 18, 2016, Appellee filed an Argument *Praecipe*, certifying that Appellant failed to file an Answer to Appellee's Motion. On March 31, 2016, the trial court notified the parties that it scheduled a hearing on Appellee's Motion for April 19, 2016. Following the hearing, and in accordance with Pennsylvania Rule of Civil Procedure

1035.3(d)[1] and Montgomery County Local Rule 1035.2(a)(4)(c),[2] the trial court entered summary judgment in Appellee's favor. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant claims the trial court erred in granting Appellee's Motion for Summary Judgment because a genuine issue of material fact exists as to the extent of Appellant's injuries. *See* Appellant's Brief at 6. Appellant argues that the question of whether he suffered a "serious injury" as defined by the MVFRL is a question of fact for a jury.[3] *Id.* at 19.

We review a grant of summary judgment under the following well-settled standards:

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-

---

[1] Pa.R.C.P. No. 1035.3 provides, in relevant part, that the trial court may enter summary judgment against a party who does not respond to a Motion for Summary Judgment. *See* No. Pa.R.C.P. 1035.3(d).

[2] This rule provides, in relevant part, that if the non-moving party to a Motion for Summary Judgment fails to file a responsive brief within 30 days of the service of the motion, the assigned judge may either grant the requested relief or "[l]ist the matter for argument, at which time only the complying party shall be heard." Pa. Montgomery Cty. Local R. 1035.2(a)(4)(c).

[3] The MVFRL defines a "serious injury" as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702.

moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontraverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.

On appeal from a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party. With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion. Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.

*Weible v. Allied Signal, Inc.*, 963 A.2d 521, 525 (Pa. Super 2008) (citation and quotation omitted).

Moreover, the question of whether a limited tort policy-holder has suffered a serious injury is a determination to be "made by the jury in all but the clearest of cases[.]" *Washington v. Baxter*, 719 A.2d 733, 740 (Pa. 1998). The trial judge should make this determination only if "reasonable minds could not differ on the issue of whether a serious injury had been sustained." *Id.*

Based on our review of the record, the arguments presented by Appellant, and the relevant case law and statutes, we agree with the trial court that, given the instant facts, "reasonable minds could not differ on the

J. A32002/16

issue of whether Appellant suffered a 'serious injury'." Trial Ct. Op. at 5. Accordingly, we rely upon the sound reasoning of the trial court in its June 23, 2016 Opinion, and affirm the Order granting Appellee's Motion for Summary Judgment. **See id.** at 3-6.

Order affirmed. The parties are directed to attach a copy of the trial court Opinion in the event of further proceedings.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/27/2016</u>

IN THE COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL DIVISION

JAVIEL HERNANDEZ
Plaintiff/Appellant

NO.  2014-27025

v.

MICHAEL AMORATIS
Defendant/Appellee

Tolliver, J.

June 23rd, 2016

## 1925(a) OPINION

Appellant Javiel Hernandez ("Appellant") appeals this Court's April 20, 2016 Order

granting Summary Judgment in favor of Appellee Michael Amoratis ("Appellee").

### I.  FACTS

On September 11, 2013, Appellee rear-ended Appellant's vehicle as Appellant waited for

a red light on Blair Mill Road in Montgomery County, Pennsylvania. The impact caused

Appellant to "jerk[] forward a little bit" and hit his chest against the steering wheel. He was

wearing a seatbelt. Appellant did not suffer any cuts, bruises, or bleeding as a result of the

accident, and he was able to exit the vehicle without aid. The impact from the collision did not

push Appellant's vehicle into the vehicle waiting in front of him. At the scene of the accident,

Appellant informed police responders that he was not injured. Approximately six days after the

accident, Appellant visited Temple Hospital and reported mild lower back symptoms. Michele

Y. Holding, M.D. diagnosed "Lumbosacral radiculopathy involving the bilateral L4-L5 nerve

roots consistent with the timing of the motor vehicle accident 09/11/13 and the MRI which



2014-27025-0035  6/23/2016 3:06 PM  # 10843324
Opinion
Rcpt#Z2786760 Fee:S0.00

1

revealed disc bulge at L4-L5 and spinal canal stenosis at L4-L5." To date, Appellant has not received any injections, has not been advised of any fractures or disc herniations in his neck or back, and has not been provided a back brace. The MRI taken at Temple Hospital on October 10, 2013 was "unremarkable." Appellant underwent approximately seven months of chiropractic therapy. At the close of therapy, Appellant advised his doctor that he had not had any pain for the last 1.5 months, and that he was back to full activity with limited to no restriction.

Appellant testified that the injuries he sustained are not severe and have only ever caused minor inconveniences in daily life. Appellant experiences occasional pain in his lower back if he spends long periods of time sitting. The pain is substantially remedied by standing up and walking and by taking over-the-counter analgesics. Appellant has decreased the intensity of his workout regimen of lifting heavy weights and engaging in cardiovascular exercise in order to prevent exacerbation of the injury. Appellant's expert Geoffrey W. Temple, D.O. advised minimizing running because running may cause a herniation. Following the accident, Appellant engaged in Muay Thai martial arts and CrossFit training multiple times per week until he injured his ankle in a separate incident. No work restrictions or limitations have been imposed. He has not undergone any medical treatment since 2014.

At the time of the accident, Appellant had "Limited Tort" motor vehicle insurance coverage, as defined in 75 Pa.C.S. §1705, through State Farm Mutual Automobile Insurance Company.

## II. PROCEDURAL HISTORY

On September 30, 2014, Appellant initiated this action by filing a Complaint. On January 19, 2016, Appellee moved for Summary Judgment. On March 18, 2016, Appellee certified that no answer had been filed by Appellant. Under Local Rule 1035(a)(4)(c), if the non-moving party

to a motion for summary judgment fails to file a responsive brief within thirty (30) days of the service of the motion, the assigned judge may either grant the requested relief or "[l]ist the matter for argument, at which time only the complying party shall be heard." Pursuant to that rule, on April 19, 2016, this Court heard only Appellee's argument. On April 20, 2016, this Court granted Appellee's motion. The Court received notice of appeal to the Superior Court on April 26, 2016. On May 13, 2016, Appellant filed a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. § 1925(b) and the Court's May 3, 2016 Order.

## III. DISCUSSION

### a. Summary Judgment Standard

Summary judgment may be granted only where the evidence of record creates no issue of material fact, when viewed in the light most favorable to the non-moving party, and where the movant is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2; *Davis v. Pennzoil*, 264 A.2d 597 (Pa. 1970); *Rohrer v. Pope*, 918 A.2d 122 (Pa. Super. Ct. 2007). After movant has set forth in the motion the necessary elements warranting summary judgment, the non-moving party must demonstrate that there is a genuine issue for trial and may not rest on the averments set forth in pleadings. *Accu-Weather, Inc. v. Prospect Comms., Inc.* 644 A.2d 1251, 1254 (1994); *Ertel v. Patriot-News Co*, 674 A.2d 1038 (Pa. 1996). Summary judgment will be granted only in those cases which are free and clear from doubt. *Marks v. Tasman*, 589 A.2d 205 (Pa. 1991).

Non-moving party must file an answer and a brief or memorandum of law to a motion for summary judgment within thirty (30) days. Pa. Montgomery Cty. Local Rule 1035.2(a). A motion for summary judgment must be granted in favor of moving party if the other party chooses to rest on its pleadings, unless a genuine issue of fact is made out in the moving party's

evidence taken by itself. *Carollo v. Forty-Eight Insulation, Inc.*, 381 A.2d 990, 995 (Super. Ct. Pa. 1977).

### b. "Serious Injury" Under the Motor Vehicle Financial Responsibility Law

A motorist who elects limited tort coverage is barred from seeking non-economic damages arising out of a motor vehicle accident unless that motorist sustains a "serious injury." Under the Motor Vehicle Financial Responsibility Law ("MVFRL"), a "serious injury" is a personal injury resulting in death, serious impairment of a body function, or permanent serious disfigurement. 45 Pa.C.S. § 1702. In this case, the Court was not presented with claims of death or permanent serious disfigurement.

The test for determining whether an individual has suffered "serious impairment" of body function requires that the court consider the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factor. *Cadena v. Latch*, 78 A.3d 636 (Pa. Super. Ct. 2013); *Long v. Mejia*, 696 A.2d 596 (Pa. Super. Ct. 2006); *Washington v. Baxter*, 719 A.2d 733 (Pa. 1998).

In *Washington*, our Supreme Court examined the issue of whether the trial court or the jury should determine whether a limited tort motorist had sustained a "serious injury" under the MVFRL. The statute is "utterly silent as to which entity – the judge or the jury – is entrusted with making that threshold determination." 719 A.2d. at 443. The Court concluded that the determination of whether a plaintiff had suffered a "serious injury" "was to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury had been sustained." *Id.* at 740. This falls in line with the maxim that summary judgment will only be granted in cases which are free and clear from doubt. *Id.* at 737.

4

**c. Reasonable Minds Could Not Differ on the Issue of Whether Appellant Suffered a "Serious Injury"**

In the case at bar, there is no dispute that Appellee's vehicle rear-ended Appellant's vehicle at a red light. Appellant avers that in spite of his limited tort election, the injuries he sustained as a result of the collision caused a serious impairment of body function, passing the threshold of "serious injury" and allowing recovery of non-economic damages. The Court disagrees. As in *Washington*, this Court believes that reasonable minds could not differ on the conclusion that the injuries suffered by Appellant do not constitute a "serious injury."

The trial court must consider the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factor. The extent of the impairment is minimal, manifesting in occasional "slight" lower back pain. The impairment began shortly after the accident. Appellant engaged in some physical therapy for his lower back and takes over-the-counter painkillers but otherwise does not require further medical treatment.

In consideration of the objective evidence presented, this Court concludes that granting summary judgment was appropriate, as reasonable minds could not differ on the issue of whether Appellant suffered a "serious injury."

**d. Plaintiff's Claim for Economic Damages are Without Merit**

With regards to economic damages, Appellant denied paying any medical bills out of pocket and is unaware of any liens. Appellant has indicated that all medical expenses have been paid by the Personal Injury Protection portion of his automobile insurance. Under *Accu-Weather*, the non-moving party must demonstrate that there is a genuine issue for trial and may not rest on the averments set forth in pleadings. 644 A.2d at 1254. Because Appellant has not produced evidence of economic damages, summary judgment as a matter of law is appropriate.

5

## IV. CONCLUSION

This Court's April 20, 2016 Order granting Appellee's Motion for Summary Judgment was proper and, accordingly, should be **AFFIRMED**.

RESPECTFULLY SUBMITTED,

STEVEN C. TOLLIVER, SR.,    J.

**Original:** Prothonotary

Copies sent 6/23/16 to:
**By First Class Mail:**
Marc I. Simon, Esquire
Rebecca E. Jellen, Esquire
**By Interoffice Mail:**
Court Administration – Civil Division

Judicial Secretary

6