J-A19038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NANCY GLASS PRODUCTIONS, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ERICA ENTERPRISES, INC. AND | : | |
| SYSTEM4 OF PHILADELPHIA, LLC AND | : | |
| SYSTEM4, LLC, | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN LUKE | : | No. 3697 EDA 2016 |

Appeal from the Order entered April 30, 2016
in the Court of Common Pleas of Montgomery County,
Civil Division, No(s): 2013-24995

BEFORE: BENDER, P.J.E., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED AUGUST 31, 2017**

Nancy Glass Productions, Inc. ("NGP") appeals from the Order granting the Motion for Summary Judgment filed by Erica Enterprises, Inc. ("EEI") and System4 of Philadelphia, LLC and System4, LLC (collectively "the Defendants"). We affirm.

In its Memorandum and Order, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal. **See** Memorandum and Order, 4/30/16, at 1-2.[1]

---

[1] Additional defendant, Kevin Luke ("Luke"), was released from the case on November 29, 2016, when NGP filed a Motion for discontinuance of the matter against him. Luke is not a party to the instant appeal.

On April 22, 2016, the trial court entered an Order granting summary judgment in favor of the Defendants. NGP filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, NGP raises the following issues for our review:

1. Did the trial court erroneously grant summary judgment to the [] Defendants on their defense to direct liability for the thefts and outrageous misconduct of their cleaning employee[,] when a reasonable jury could find that, in the exercise of ordinary care, they knew or should have known that their employee had an extensive criminal history[,] including charges of attempted murder and drug[-]dealing[,] that were relevant to both the heightened risk associated with inserting an employee into a customer's premises[,] and to the monetary and property damages that [NGP] suffered from the employee's criminal propensities and impulsive, outrageous conduct?

2. Did the trial court erroneously grant summary judgment to the [] Defendants on their defense to direct liability for punitive damages for the thefts and outrageous misconduct that their employee committed when a reasonable jury could find their failure to discover, disclose, and respond to Luke's prior misconduct was reckless, and that the [] Defendants subjectively appreciated the risk of harm to which they exposed [NGP,] but disregarded that risk due to a conflict between their duty to the customers and the desire to land a fee-paying franchisee?

J-A19038-17

Brief for Appellant at 3-4.[2]

> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Hovis v. Sunoco, Inc.*, 64 A.3d 1078, 1081 (Pa. Super. 2013) (quoting

*Cassel-Hess v. Hoffer*, 44 A.3d 80, 84-85 (Pa. Super. 2012)).

As NGP's claims are related, we will address them together. In its first issue, NGP contends that the Defendants owed a duty to use ordinary care to protect NGP from harm by Luke. Brief for Appellant at 33. NGP asserts that the Defendants' "system" was to grant privileged access to its franchisees without any reasonable investigation or ordinary care. *Id*. NGP claims that "the dutiful objective of hiring trustworthy cleaners to service [EEI's] customers was undercut by the conflicting motive to sell notional

---

[2] In its brief, NGP attempts to raise an additional issue: that "[t]here is evidence on which a reasonable jury could find that [EEI] and System4, LLC had sufficient control [over Luke] to establish employer liability." Brief for Appellant at 41-42. However, as this issue was not included in NGP's Statement of the Questions Involved, we decline to address it. *See* Pa.R.A.P. 2116 (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

- 3 -

franchises to persons willing to pay the [Defendants] for the opportunity to work for less than minimum wages." *Id*. at 34. NGP contends that "a jury could reasonably find that the [Defendants] had every incentive **not** to conduct investigations that might spoil franchise sales." *Id*. (emphasis in original). NGP asserts that "the very risks that should have been disclosed had the [D]efendants exercised ordinary care were realized when Luke, who had a long career of crime, stole property from [NGP]." *Id*. NGP claims that EEI did not do any screening when selling a franchise to Luke, did not check his references, conducted no background check, and did not ask about his criminal history or level of education. *Id*. at 35; *see also id*. (noting that EEI estimated that its interviews with potential franchisees lasted an hour). NGP contends that a jury could reasonably have found that EEI had a duty to investigate and conduct a background check on Luke, thereby creating a genuine question of material fact precluding summary judgment. *Id*. at 39.

In its second issue, NGP contends that the Defendants owed a heightened duty of care to NGP to hire honest cleaners of trustworthy character. *Id*. at 43. NGP asserts that the Defendants breached that duty when they "intentionally and as a matter of settled practice," did not perform a background check on Luke or ask him if he had ever been convicted of a crime. *Id*. at 43-44. NGP claims that, under these facts, a jury could find that the Defendants "willfully and recklessly turned a blind

eye to potential disqualifying information that might have spoiled a franchise sale." *Id*. at 44.

In its Memorandum and Order, the trial court addressed NGP's issues and determined that, although reasonable minds could differ as to whether Luke was an employee or an independent franchisee, the issue was ultimately of no moment because (1) if Luke was found to be an employee, employer liability would not attach because Luke's actions were outside the scope of his employment;[3] and (2) if Luke was a franchisee, then vicarious liability would not attach. *See* Memorandum and Order, 4/30/16, at 3. The trial court further reasoned that, interpreting NGP's claim as one for negligent hiring, EEI was not directly liable to NGP because Luke's "prior convictions for aggravated assault and possessing an instrument of crime are unakin to theft and inappropriate sexual activity such that it would be wrong to impute notice of Luke's proclivities to engage in such conduct." *Id*. at 5-6. Viewing the record in the light most favorable to NGP, as the non-moving party, we agree with the trial court's determination, which is supported by the record and free of legal error. Accordingly, we affirm the trial court's entry of summary judgment in favor of the Defendants. *See id*. at 3, 5-6.

Order affirmed.

---

[3] On appeal, NGP concedes that Luke's actions were outside the scope of his employment. *See* Brief for Appellant at 41 n.7.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2017

Circulated 09/18/2017 11:00 AM

### IN THE COURT OF COMMON PLEAS OF
### MONTGOMERY COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | | |
|---|---|---|
| NANCY GLASS PRODUCTIONS, INC. | : | No. 2013-24995 |
| | : | |
| v. | : | |
| | : | |
| ERICA ENTERPRISES, INC. d/b/a | : | |
| SYSTEM4 OF PHILADELPHIA, | : | |
| SYSTEM4, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN LUKE | : | |

## MEMORANDUM AND ORDER

Before the Court is a Motion for Summary judgment filed by Erica Enterprises , Inc. d/b/a System4 of Philadelphia and System4, LLC ("Moving Defendants"). Because this court finds that the non-moving party has not shown that a genuine issue of material fact exists on the claims asserted by Plaintiff, the entry of summary judgment in favor of the Moving Defendants is warranted.

### FACTS

Defendant System4, LLC is a company that sells janitorial franchises across the country to regional franchisors. The regional franchisors typically sell the franchises to unit franchisees, who provide the actual cleaning services to customers. Defendant Erica Enterprises, Inc., d/b/a System4 of Philadelphia ("Erica Enterprises") is a regional franchisor that purchased System4 franchises from System4, LLC. Erica Enterprises sold a unit franchise to Defendant Kevin Luke ("Luke"). As a franchisee, Luke operated a cleaning business under the System4 brand pursuant to a franchise agreement between him and Erica Enterprises.

1

In late 2011, Plaintiff Nancy Glass Productions, Inc., a television production company, entered into a contract with Erica Enterprises to provide janitorial services at Plaintiff's office. Erica Enterprises offered the cleaning account for Plaintiff's office to franchise to unifranchisee Kevin Luke, who accepted the account. That agreement provided that the cleaning services would be performed by an independent franchisee, in this case, Luke.

On or around February 7, 2012, Luke and members of his cleaning crew allegedly engaged in theft and sexual activity on Plaintiff's property. Luke admits to having sex on one occasion but denies any allegations of theft.

On August 6, 2013, Plaintiff sued Moving Defendants claiming that they were responsible for the intentional torts committed by Luke while on the Plaintiff's premises. Against Moving Defendants, Plaintiff pled direct negligence,[1] vicarious liability, breach of contract, conversion, and punitive damages. On December 13, 2013, Moving Defendants joined Luke as an additional defendant, asserting that Luke was solely liable or jointly and severally liable. Moreover, Moving Defendants asserts that Luke is obligated to indemnify Moving Defendants on the claims asserted against them by Plaintiff. On October 26, 2015, Moving Defendants filed the instant Motion for Summary Judgment, seeking dismissal of all claims made against them. Alternatively, Moving Defendants request dismissal only of Plaintiff's claims for punitive damages.

### DISCUSSION

#### 1. Summary Judgment Standard

Summary judgment may be granted only where the evidence of record creates no issue of material fact, when viewed in the light most favorable to the non-moving party, and where the movant is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2; *Davis v. Pennzoil*, 264 A.2d

---

[1] *See* Section 3, *infra.*

2

597 (Pa. 1970); *Rohrer v. Pope*, 918 A.2d 122 (Pa. Super. Ct. 2007). After movant has set forth in the motion the necessary elements warranting summary judgment, the non-moving party must demonstrate that there is a genuine issue for trial and may not rest on the averments set forth in pleadings. *Accu-Weather, Inc. v. Prospect Comms., Inc.* 644 A.2d 1254 (1994); *Ertel v. Patriot-News Co*, 674 A.2d 1038 (Pa. 1996).

### 2. Plaintiff's Vicarious Liability Claims

Moving Defendants make two arguments in their Motion in regards to vicarious liability. First, Moving Defendants claim that because Luke was an independent franchisee, they as franchisors are not vicariously liable for his conduct. Second, Moving Defendants contend that even if Luke is classified as an employee, his conduct fell outside of the scope of his employment, thereby dissolving vicarious liability.

### a. Moving Defendants are Not Vicariously Liable for Luke's Actions if Luke is Determined to be an Independent Franchisee

In regards to the first argument, we find that reasonable minds could differ on whether Luke was an employee or an independent franchisee. However, as discussed *infra*, this issue is ultimately of no moment. If Luke was an independent franchisee, Moving Defendants are not vicariously liable. *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781, 785 (3d Cir. 1978). If, on the other hand, Luke is found to be an employee, then Moving Defendants are still not vicariously liable because his conduct would have fallen outside the scope of his employment, as will be more fully discussed below.

### b. If Luke Was an Employee of Moving Defendants, His Conduct Fell Outside the Scope of His Employment

This court agrees with Moving Defendants that they are not vicariously liable for Luke's alleged wrongdoing because even if Luke was an employee, Luke's conduct grossly deviated

3

from the scope of his employment. Luke's conduct fell so far outside the scope of what he was engaged to do that Moving Defendants are entitled to summary judgment as a matter of law as to vicarious liability.

It is well settled that an employer may be held vicariously liable for the negligent acts of an employee that causes injuries to a third party, provided that such acts were committed during the course of and within the scope of employment. *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (Pa. Super. Ct. 1978). Conduct falls within the scope of employment if: ( 1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits of the job; and (3) it is actuated, at least in part, by a purpose to serve the employer. *R.A. v. First Church of Christ*, 748 A.2d 692, 699 (Pa. Super. Ct. 2000).

In certain circumstances, liability of the employer may also extend to intentional or criminal acts committed by the employee. *Costa v. Roxborough Mem'l Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998). The determination of whether a person was acting within the scope of employment is typically a question for the jury. *Id.* However, our courts have carved out exceptions to this factfinding rule when the employee's act was so excessive as to be totally without responsibility or reason. *Id.* This exception arises out of the third prong of the test set forth in *R.A.*, namely that the offending conduct is actuated, at least in part, by a purpose to serve the employer. *R.A.*, 748 A.2d at 699. In that case, the Superior Court affirmed the entry of summary judgment for defendant church on a vicarious liability claim stemming from allegations of sexual abuse of a minor. The court concluded that "[n]othing about [defendant's] sexual abuse of [minor] had any connection to the kind and nature of his employment as a minister." *Id.* at 700.

4

Pennsylvania courts have come to the same conclusion in cases where the offending conduct was far less egregious. In *Herr v. Simplex Box Corporation*, 198 A. 309 (Pa. 1938), the Plaintiff's clothing, on which gasoline was accidentally spilled, was ignited after a factory employee standing nearby struck a match to light a cigarette. Plaintiff sued the factory under a theory of vicarious liability. Our Supreme Court reversed a verdict for the plaintiff because the striking of the match for the purpose of lighting a cigarette was sufficiently unrelated to the job the factory employee was tasked with performing. *Id.* at 310. "[I]n striking the match the servant was doing nothing in furtherance on in connection with his employer's business." *Id.*

In the case before us, Luke and/or members of his crew are alleged to have converted property and engaged in sexual activity on the job site. Neither of these activities in any way could have been actuated for any purpose other than a purely personal one. Even though the alleged malfeasance occurred within the office Luke and his crew were supposed to clean, the conduct fell so far afield of his contractual duties that his putative employer cannot be held vicariously liable for damages arising therefrom.

### 3. Moving Defendants are Not Directly Liable for Negligent Hiring or Negligent Supervision

In Count IV of the Complaint, Plaintiff avers that System4 of Philadelphia "negligently supervised their employees or representatives they retained to perform the Cleaning Services." (Compl. ¶ 73). Even though the Count is couched in "Negligence and Vicarious Liability," we read this Count to include claims for direct liability for negligent supervision and negligent hiring. We find no merit in either claim.

An employer owes a duty to "exercise reasonable care in selecting, supervising and controlling employees." *R.A.*, 748 A.2d at 697. To establish liability, plaintiff must show that the employer "knew or, in the exercise of ordinary care, should have known of the necessity for

5

exercising control of his employee." *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 422 (1968). In other words, a plaintiff seeking to recover must show that 1) the employer knew or should have known of the propensity of the employee and 2) such employment creates a situation in which a third party may be harmed. *Coath v. Jones* 419 A.2d 1249, 1250 (Pa. Super. Ct. 1980).

In *Harris v. KFC U.S. Properties, Inc.*, 2012 WL 2327748 (E.D.Pa. 2012) the Eastern District Court granted summary judgment for KFC in a case arising out of the employee's on-the-job assault of a customer. A basic background check would have uncovered prior convictions for theft, but no convictions for violent crimes. *Id.* at *7. Even if KFC had conducted a background check, KFC would have had no notice that the employee was predisposed to engage in assaultive behavior. The federal trial court found that because it was not foreseeable that the employee would assault a customer, the employer was absolved of direct liability.

Plaintiff claims that Moving Defendants should not have engaged Luke because of his criminal background. It is admitted that Luke has a criminal background, but his prior convictions for aggravated assault and possessing an instrument of crime are unakin to theft and inappropriate sexual activity such that it would be wrong for the court to impute notice of Luke's proclivities to engage in such conduct. Accordingly, assuming *arguendo* that Luke is an employee, *see supra* Section 2, Moving Defendants are not directly liable for negligent hiring or negligent supervision.

### 4. Claims for Punitive Damages Must Fail Because the Underlying Claims Fail

Punitive damages are collateral or ancillary to a tort claim and are only recoverable upon a showing of 'outrageous' conduct on the part of the defendant." *Baker v. Pa. Nat'l Mut. Cas. Ins. Co.*, 559 A.2d 914, 916 (Pa. 1989).

6

Plaintiffs seek punitive damages against Moving Defendants. However, this claim fails because, as discussed above, Moving Defendants are not liable for outrageous conduct.

**CONCLUSION**

Defendants System4, LLC and Erica Enterprises are entitled to summary judgment as a matter of law as to vicarious liability arising from the alleged misconduct of Defendant Luke and/or his crew. All claims and cross-claims directed to 1) Erica Enterprises, Inc. d/b/a System4 of Philadelphia and 2) System4, LLC are dismissed. Plaintiff's case to proceed against Luke as a result of the joinder of Luke within the applicable statute of limitations.

7